WILLIAMS, J.
|2The defendant, Dinah Cowan, appeals a judgment in favor of the plaintiff, Timothy Bjornson. The trial court found that defendant breached her contract to sell land with a dock and awarded $7,920 in damages to the plaintiff. For the following reasons, we amend and affirm as amended.
FACTS
In June 2007, Timothy Bjornson purchased a residential lot on Caney Lake in Jackson Parish from the seller, Dinah Co-wan. The property was advertised as having a dock extending into the lake. Cowan had bought the parcel from Travis Young, who had also sold the adjacent lot to Melba Murphy. Young had built the dock in 1996 and Cowan bought the property in 2006 with the belief that the dock was located on her parcel. The evidence showed that before Bjornson bought the land, the property line between the adjacent tracts had been marked by two “T-posts,” which had been removed by Co-wan’s boyfriend, George Wierzbicki.
In November 2007, the adjacent landowner, Murphy, hired a surveyor, Walter Kirkland, to mark the boundary line between the parcels. Kirkland’s survey crew located and marked the property line, which demonstrated that the dock was situated on Murphy’s tract. After learning that the dock was not located on his property, Bjornson tried to contact Cowan and spoke with Wierzbicki, who initially indicated that Cowan would correct the problem. However, Cowan did not take any action.
Subsequently, the plaintiff, Bjornson, filed a petition for damages against the defendants, Cowan and her real estate agents, Sharon Ouchley and Coldwell Banker Group One Realty (“Coldwell Banker”). The plaintiff alleged that the defendants had breached the parties’ contract by selling him property which did not contain a dock as represented by Cowan. The plaintiff later dismissed Ouchley and Coldwell Banker from the lawsuit in return for a $3,000 settlement payment. At trial, the plaintiff testified that the dock was L-shaped, with a walkway 46 feet long and six feet wide, attached to an area that measured ten feet by twelve feet on the left side. Regarding the cost of building a dock, the trial court excluded the testimony of Eric Ortego, the owner of a dock-building business, because he was not named in the original pretrial order. However, after trial the parties [ ^stipulated that the court should have admitted into evidence Ortego’s testimony that building a new dock would cost $15 per square foot.
After hearing the evidence, the trial court issued written reasons finding that Cowan was liable because the property sold did not include the dock as represent *519 ed to the plaintiff. Because plaintiff had not sought to rescind the sale, the court found that a reasonable measure of damages would be reducing the purchase price by the cost of building a new dock. The trial court determined, based on its stated experience with the cost of home construction, that a price of $20 per square foot was a reasonable estimate for the cost of building a new dock that was the same size as the existing dock. The court rendered judgment awarding the plaintiff damages of $7,920, denying his claim for attorney fees and denying the defendant’s claim for a setoff. The defendant appeals the judgment.
DISCUSSION
The defendant contends the trial court erred in finding that she is liable to the plaintiff for the cost of building a dock on the tract of land sold to plaintiff. Defendant argues that the plaintiff failed to prove that the parties’ contract for the sale of land was breached because the property did not contain a dock.
When the thing delivered by the seller, though in itself free from redhibi-tory defects, is not of the kind or quality represented by the seller, the buyer’s rights are governed by other rules of sale and conventional obligations. LSA-C.C. art. 2529; Swoboda v. SMT Properties, L.L.C., 42,746 (La.App.2d Cir.1/30/08), 975 So.2d 691. A trial court’s factual findings will not be reversed unless clearly wrong. A reviewing court does not decide whether the factfinder was correct, but whether its findings were reasonable based upon the record as a whole. Stobart v. State DOTD, 617 So.2d 880 (La.1993).
In the present case, Walter Kirkland was accepted as an expert land surveyor. Kirkland testified that he had done surveying work in the area at issue in 1983, when the property lines were established. Kirkland stated that he was hired by Melba Murphy in November 2007 to mark the property line between her tract and that of the plaintiff. Kirkland testified that at his instruction, the survey crew located the existing monuments in the field and | ¿placed a 3/4-inch iron rod at the intersection of Murphy’s property line and the shoreline of the lake. Kirkland stated the survey demonstrated that the dock was not located on the plaintiffs property, but had been built on land now owned by Murphy. Referring to a plat prepared in 2002, Kirkland explained that the property line ran west from the shoreline and that the dock was located on Murphy’s tract north of the property line.
Melba Murphy testified that she owned the tract of land adjacent to plaintiffs property. Murphy stated that the tract she bought from Travis Young in 2002 did not include the land between her property line and the shoreline, so she bought that land from a bank. According to Murphy, Young had told her that the bank would not care if she used that land, but she wanted to own the waterfront property. Murphy testified that after Cowan bought the adjacent tract, some T-posts marking the property line were removed. Murphy stated that before the sale she had told Cowan’s real estate agent that part of the property being sold did not belong to Co-wan. Murphy testified that after the sale, she hired Kirkland to locate and mark the property line between the tracts.
Sharon Ouchley testified that she was the real estate agent who represented Co-wan in the sale of the property. Ouchley stated that she believed the dock was located on the Cowan tract as represented in the property listing and advertisements. Ouchley acknowledged that prior to the sale she went to the property, and met with Murphy, who said that the Cowan tract did not extend to the water and that the prop *520 erty did not include the dock. Ouchley testified that she had not told Cowan about Murphy’s statement concerning the dock because Murphy had not been able to find a marker showing that the property line extended past the dock.
The plaintiff, Tim Bjornson, testified that he bought the property from Cowan in June 2007. The plaintiff stated that the property was listed as including a dock and that Coldwell Banker’s website displayed photographs of the property with the dock in view. He testified that obtaining the dock was one of his reasons for buying the property. Plaintiff stated that he learned there was a problem regarding the dock when he saw two members of Kirkland’s survey crew on the property. They had placed a stake in the ground at the right hand (east) corner of the dock to mark the property line, [,vindicating that the dock was not located on plaintiffs tract. Plaintiff stated that he contacted Cowan and George to resolve the problem, but eventually Cowan said she was not going to do anything. Plaintiff testified that he took measurements of the L-shaped dock, which included a walkway 46 feet long and six feet wide, with a deck on the left side that was 12 feet long and 10 feet wide. Plaintiff acknowledged that he did not obtain a survey or inquire about the location of the property lines before buying the parcel.
The defendant, Dinah Cowan, acknowledged that the realtor’s listing and advertisements had represented that the property included a dock. The defendant stated that she had used the same information and photographs concerning the dock as were shown to her when she bought the property from Young in 2006. Defendant testified that at the time of the sale, she believed the property conveyed to plaintiff included the dock. Defendant stated that she had not obtained a survey while she owned the property, but had relied on Young’s description of the property line location and his statement that the dock was part of the property. Defendant testified that no one told her before the sale that the dock was not located on the property conveyed to plaintiff.
In her appellate brief, the defendant argues that the record does not support a finding that she is liable for damages because plaintiff obtained an apparent servitude over the dock and alternatively, because the survey was faulty and plaintiff has actual use of the dock. An apparent servitude may be acquired by uninterrupted possession of the right for ten years in good faith. LSA-C.C. art. 742. However, we note that any such claim would be properly asserted by plaintiff as the landowner, not by defendant. Further, the record does not show that Young possessed the property on which the dock was built in good faith, given the testimony indicating that Young was aware he had built the dock on land between his property and the shoreline that was owned by another person.
Regarding the survey, there was no showing that Kirkland’s survey crew had improperly marked the plaintiffs property line. To the contrary, the 2007 survey was consistent with a 2002 plat of the area prepared by Kirkland showing the property lines of the adjacent tracts.
|fiThe evidence presented demonstrates that the defendant represented to the plaintiff through the property listing and accompanying photos that the tract of land contained a physical dock, not merely the use of a dock. However, the 2007 survey showed that the dock was not actually located on the property bought by plaintiff. Thus, the record supports the trial court’s finding that the defendant was liable for damages because the property conveyed to the plaintiff was not of the kind or quality *521 represented by the defendant. The assignment of error lacks merit.

Damages

The defendant contends the trial court erred in awarding the amount of $7,920 in damages. Defendant argues that the award is not supported by the record because the court based the value of the dock on the court’s own experience and not on the evidence produced at trial.
Damages are measured by the loss sustained by the obligee and any profit of which he was deprived. LSA-C.C. art.1995. A judicially noticed adjudicative fact must be one not subject to reasonable dispute in that it is generally known within the territorial jurisdiction of the trial court, or capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. LSA-C.E. art. 201. Courts can only take judicial notice of a fact that may be regarded as forming part of the common knowledge of every person of ordinary understanding and intelligence. Neal v. Players Lake Charles, LLC, 01-0244 (La.App. 3rd Cir.6/6/01), 787 So.2d 1213; Walker v. Halliburton Services, Inc., 93-722 (La.App. 3rd Cir.3/1/95), 654 So.2d 365.
In his appellate brief, plaintiff contends the trial court was entitled to take judicial notice of the price per square foot of building a new dock. However, the plaintiff failed to show that the price for construction of a dock was not subject to reasonable dispute or was part of the common knowledge of every person of ordinary understanding. The court speculated that $20 per square foot was a reasonable price based on the court’s own information and there was no evidence such a fact was common knowledge. Thus, contrary to plaintiffs contention, the trial court could not properly take judicial notice of the square-foot price for dock construction.
17Regarding the evidence presented with respect to calculation of the damage award, the trial testimony showed that the dock, which plaintiff thought was included with the property he bought, was approximately eleven years old at the time of the sale. In addition, as a result of the parties’ stipulation, the record contains Orte-go’s testimony that building a dock on plaintiffs property would cost $4,140. After reviewing the record and considering the age of the dock, we conclude that the price quoted by Ortego is the amount of damages reasonably supported by the evidence that would compensate plaintiff for the value of the dock that he did not receive when he purchased the property. Consequently, we shall amend the judgment to reduce the damage award to the amount of $4,140.
The defendant also contends the trial court erred in failing to reduce the damage award by the amount received by the plaintiff in return for dismissing the other defendants from the lawsuit. LSA-C.E. art. 413 provides that an amount paid in settlement shall not be admitted into evidence unless the failure to make a settlement is an issue in the case.
In the present case, Cowan did not explain how the court’s exclusion from evidence of the amount paid to plaintiff in settlement of his claims against other defendants prevented a fair trial for Cowan. Additionally, whether or not a settlement payment was made was not an issue in this case. Thus, we cannot say the trial court erred in refusing to reduce the damage award by the amount of the settlement payment received by plaintiff. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment is amended to reduce the plaintiff’s damage award to the amount of *522 $4,140. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to the appellant, Dinah Cowan.
AMENDED AND AFFIRMED AS AMENDED.