787 So.2d 1213 (2001)
Victoria and John NEAL
v.
PLAYERS LAKE CHARLES, LLC, et al.
No. 01-0244.
Court of Appeal of Louisiana, Third Circuit.
June 6, 2001.
*1214 Robert C. McCall, Baggett, McCall & Burgess, Lake Charles, LA, Counsel for Plaintiffs/Appellees Victoria Neal and John Neal.
Andrew Robinson Johnson, IV, Plauche, Smith & Nieset, Lake Charles, LA, Counsel for Defendants/Appellants Players Lake Charles, LLC, Zurich-American Ins. Co.
Court composed of OSWALD A. DECUIR, MARC T. AMY, and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
In this case, the defendants, Players Lake Charles, LLC and Zurich American Insurance Group (collectively referred to as Players), appeal the judgment in favor of the plaintiffs, Victoria and John Neal, awarding them $22,987.49 for injuries sustained by Victoria in a fall. For the following reasons, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND
On August 20, 1997, Victoria, then eighty-four years old, fell and fractured her left wrist as she was walking through the casino owned by Players. She, thereafter, sued Players alleging that the floor was an unreasonably dangerous walking surface. The trial court concluded the floor surface was unreasonably dangerous after taking judicial notice of several facts and awarded the Neals $22,987.49. Players then filed this appeal, assigning as error:
1. The trial court's judicial notice of facts that were not properly subject to judicial notice, and
2. The trial court's failure to require the Neals to carry the burden of proving the liability of Players by a preponderance of the evidence.

JUDICIAL NOTICE
Players urges that it was an error of law for the trial court to take judicial notice of technical, disputed facts concerning the effects of a sealant applied by Players to its casino floor. The Neals argue that the trial court did not take improper judicial notice of any facts but, instead, made inferences based upon the testimony given at trial. The question before us is whether the trial court's findings concerning the alleged sealant build-up resulted from the improper use of judicial notice of facts not susceptible to the doctrine. We agree with Players and find that the trial court's factual conclusions were an improper use of judicial notice and constituted an error of law.
La.Code Evid. art. 201(B) states:
Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either:
(1) Generally known within the territorial jurisdiction of the trial court; or
(2) Capable of accurate and ready determination by resort to sources whose *1215 accuracy cannot reasonably be questioned.
The trial court determined that the Armorkote sealant used by the casino every two weeks must have necessarily built up over time. We can find no evidence to support that conclusion in our review of the record. The trial court opined that the floor should probably be stripped every so often and sealed again to prevent this "build-up" of sealant product. Again, this determination was based purely on conjecture as there is no witness testimony or documentary evidence to support this supposition. In the same vein, without any evidence before us, we could determine that no such build-up occurred because of the heavy traffic experienced by a casino open for business twenty-four hours a day. Thus, the bi-weekly application simply replenished the worn away sealer. However, without any evidence to this effect, neither we nor the trial court are qualified to make such findings regarding the chemical properties of floor sealant products. This simple example clearly displays that the qualities pertaining to the floor sealant are not facts "forming part of the common knowledge of every person of ordinary understanding and intelligence." Walker v. Halliburton Servs., Inc., 93-722, p. 3 (La. App. 3 Cir. 3/1/95); 654 So.2d 365, 368, writ denied, 95-1507 (La.9/22/95); 660 So.2d 481. Whether the floor sealant "built-up" so as to cause the floor to become slick and cause Victoria's fall is a disputed fact, and not one subject to judicial notice. Accordingly, we conduct a de novo review of the entire record and render a judgment on the merits. Rosell v. ESCO, 549 So.2d 840 (La.1989).

BURDEN OF PROOF
In a slip and fall case, the plaintiff must prove, among other things, that the condition of the floor presented an unreasonable risk of harm. La.R.S. 9:2800.6 B(1). Based on the evidence in the record, we find that Victoria failed to meet that burden. The evidence presented for our review can be summed up as follows: It was undisputed that there was no foreign substance on the floor, and that the sealant produced a highly glossy, polished, and shiny appearance. There was no evidence to suggest that the floor was actually slick, only testimony that it looked slick and shiny.
John testified that the floor looked like slick, highly polished pavement. He admitted that he and Victoria had been to the casino between thirty-five and fifty times before this accident with no problems. He testified that he saw no foreign substances on the floor.
Victoria also stated that the surface of floor was highly polished and slick, but that she had never felt the floor and did not see any foreign substance on it. She admitted that she and John continued going to Players even after the accident.
Rose Savant, a security guard and emergency medical tech at Players at the time of the accident, testified that she had been trained to look for foreign substances upon arriving at an accident scene and that none were present. She also stated that the floor appeared shiny but was not slick to walk on.
Lynn Wheeler, the director of housekeeping at Players and the person responsible for ordering the products used on the floor, stated that the concrete floor is treated with "Big M Armorkote," a sealer/finisher that is applied every other weekend. She explained that Armorkote is designed for use on concrete floors to finish or to seal the floor which helps bond and seal any impurities in the floor. She also stated that the same product has been continuously used since the casino's opening until the time of trial and that the most recent Armorkote treatment was ten days before Victoria's fall on August 10, 1997.
*1216 Players also introduced into evidence the "technical data sheet" provided by the Armorkote supplier which states that the product is classified as slip resisting according to the Underwriter's Laboratory that certifies products as having met federally mandated standards.
Based on this evidence, we are unable to find that the Neals met their burden of proving an unreasonable danger of harm to Victoria. The Neals proved nothing, other than that the floor at the casino had a shiny, glossy appearance, which is exactly what the Armorkote applied to it was intended to do.

CONCLUSION
The trial court committed an error of law in taking judicial notice of facts that were not of the type commonly known among ordinary persons, and the Neals failed to meet their burden of proving that Players Lake Charles, LLC and Zurich-American Insurance Group presented an unreasonable risk of danger to Victoria. Therefore, the finding of the trial court is reversed, and all costs are assessed against the plaintiffs-appellants, John and Victoria Neal.
REVERSED.