J2THOMAS F. DALEY, Judge.
The plaintiff, Keith Balias, has appealed the trial court judgment in favor of the defendant, Kenny’s Key West, Inc. For the reasons that follow, we affirm.
FACTS:
Plaintiff filed suit against the defendant alleging that he slipped and fell in a puddle of water that was leaking from a container used by defendant to cool beer. He alleged strict liability on the part of defendant. Defendant answered with a general denial and claimed plaintiffs injuries were caused by his own negligence. The plaintiff was an engineer and subcontractor for The Sound Source, a concert production company that was contracted to provide sound for music at defendant’s place of business, a lounge in Jefferson Parish. Part of plaintiffs responsibilities in preparation for a concert were to bring in and set up all sound equipment and dismantle and remove the equipment after the concert. Plaintiff testified that on the 1 anight of August 20, 1997, as he was taking down a speaker cabinet with the help of a co-employee, his right leg slipped out from under him causing him to fall on his left knee. When asked what may have caused his accident, plaintiff testified that he noticed water on the floor. He explained that his pants were damp and there was *291 water on his boots. Plaintiff testified that there was a large metal tub from which the defendant was selling cold beer about six to eight feet from the location of the speaker cabinet. He testified that he never saw anyone mop or inspect the area around the tub during the entire night. He further testified that there was no nonskid material around the tub, nor was he given any warning of a dangerous condition by the defendant’s employees. Plaintiff testified that he reported the accident to Linda Milto, a manager of Kenney’s Key West, on the night of the accident. He sought medical treatment and was diagnosed as having a partially torn ligament in his knee.
On cross-examination, plaintiff testified that he did not recall looking around before taking down the speaker. He further testified that he had no idea how long the water had been on the floor. He explained that had he looked down he would not have been able to see the water because it was too dark.
Linda Milto testified that she had worked at Kenney’s Key West for eight and a half years. She explained that the policy at the lounge regarding spills was for all employees to report any spills. There are mops, as well as wet floor signs, to be used in the event of a spill. She testified that there are two employees stationed in the concert room and it is their job to constantly walk the floor. Ms. Milto was not aware of any spills on the night of August 20, 1997. She testified that the beer tubs did not leak that night. She testified that the beer tub sits on a wooden block that sits on top of carpet. Ms. Milto testified that the person working the beer tub would call management or the bar back if there was a problem with condensation around the floor of the Lbeer tub. She denied that plaintiff reported his accident to her on the night that it occurred; rather she stated that she became aware of plaintiffs accident at a later date.
At the conclusion of the trial, the trial judge found no liability on the part of defendant. This timely appeal followed.
LAW AND DISCUSSION:
On appeal, the plaintiff argues that the trial court erred in applying R.S. 9:2800.6 to this case because the defendant’s establishment does not fit the definition of “merchant” within the statute.
R.S. 9:2800.6 sets forth plaintiffs burden of proof in order to recover for injuries sustained in a slip and fall accident stating:
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing or on a merchant’s premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
1. The condition created an unreasonable risk of harm to the claimant and that the risk of harm was reasonably foreseeable.
2. The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
3. The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care ...
B. Definitions:
1. “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exer *292 cised reasonable care. The presence of an employee of the | Bmerchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
2. “Merchant” means on whose business is to sell goods, foods, wares, or merchandise at a fixed place of business.
Plaintiff contends that the defendant’s establishment does not sell goods, food, wares, or merchandise, like a typical retailer or restaurant, and that the conditions inside the establishment on the night of the accident were not similar to those inside of a retailer or restaurant. While we agree with plaintiff that the conditions inside defendant’s establishment are not similar to those of a typical retailer, we nevertheless find that R.S. 9:2800.6 does apply to this situation. Under the broad definition of merchant, defendant’s establishment sells goods and food at a fixed place of business. Additionally, in Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, this court analyzed the plaintiffs burden of proof in a slip and fall that occurred at a bar under the provisions of R.S. 9:2800.6.
Plaintiff next argues that if R.S. 9:2800.6 applies, he met his burden of proof. In support of his position, plaintiff states that defendant served beer from tubs in a manner that created a dangerous condition that would reasonably be expected to cause injury to plaintiff. Plaintiff contends that the tubs leaked and/or there was no provision for preventing liquids accumulating from this method of selling beer from falling to the floor. He submits that his testimony established that no one inspected the floor for liquid during the concert. Plaintiff further contends that he could not have seen the liquid on the floor because it was too dark.
In his reasons for finding there was no liability on the part of defendants, the trial judge stated that there was no testimony or evidence that there was a puddle on the | r,floor. A close reading of the transcript indicates that plaintiff never testified that he slipped in a puddle of water or that there was water on the floor. Rather, he testified:
Q: Was there anything—was there anything on you to indicate what you may have fallen on or in?
A: Yes, there was, you know, my pants—my seat pants were damp and I had water on my boots.
The trial court obviously concluded that this single reference to damp pants and water on plaintiffs boots did not establish to the trial court’s satisfaction that a puddle caused plaintiffs fall. Further, Ms. Milto testified that two employees were stationed in this room to constantly walk the floors and there were no reports of spills or puddles on the night of the accident. Ms. Milto further testified that the beer tubs were elevated 15 to 18 inches above the dance floor and that a carpet was placed under the tubs.
Given this testimony, we cannot say that the trial judge erred in concluding that plaintiff failed to carry his burden of proving that the selling of beer from the tubs created an unreasonable risk of harm to the claimant, that the risk of harm was reasonably foreseeable, and that the defendant had constructive notice of this condition.
The plaintiff further argues that Ms. Milto was a surprise witness and should not have been allowed to testify. The record indicates that Ms. Milto’s name did not appear on defendant’s witness list *293 or on defendant’s pre-trial order. However, plaintiff knew that he reported this accident to Ms. Milto and in Answers to Interrogatories, defendant stated that a statement had been taken from Ms. Milto. Additionally, defendant’s witness list stated that a representative from Kenny’s Key West would be called to testify. While we agree with the trial judge that Ms. Milto’s name should have been listed on the witness list or pre-trial order by defendant, it is clear from the record |7that plaintiff knew who Ms. Milto was. It is unclear from the record why plaintiff chose not to depose Ms. Milto prior to trial. We do not find the trial judge erred in allowing Ms. Milto to testify. Moreover, plaintiff failed to carry his burden of proof even in the absence of Ms. Milto’s testimony.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED