DREW, J.
 

 | plaintiffs, Lena W. Gregory and her husband, Carl Gregory, sought damages for injuries sustained when Mrs. Gregory slipped and fell in the Brookshire Grocery Company store in Farmerville, Louisiana, on October 21, 2003. On September 15, 2008, the trial court signed a judgment rejecting plaintiffs’ claims and dismissing the action with prejudice. Plaintiffs ap
 
 *459
 
 pealed, contending the trial court erred in failing to find that the store had constructive knowledge of the dangerous condition which resulted in her fall.
 

 Since the trial, both plaintiffs died. After their appeal was lodged in this court, their children were substituted as parties plaintiff; for purposes of this opinion, however, we will continue to refer to the plaintiffs as Mrs. Gregory or the Gregorys.
 

 The judgment of the trial court is affirmed in all respects.
 

 REASONS FOR JUDGMENT
 

 Following the bench trial on May 8, 2008, the trial court issued Reasons for Judgment on July 23, 2008, and stated:
 

 • Shortly before Mrs. Gregory entered Brookshire, a young girl had thrown up in a number of areas in the store.
 

 • Vomit was along the front main aisle including the front of aisle 13 and on an aisle adjacent and parallel to aisle 13.
 

 • Employees were cleaning the regurgitation in the locations where they observed it.
 

 • On entering the store, Mrs. Gregory saw vomit in several places and carefully made her way past those areas.
 

 • She stopped her buggy near the rear of aisle 13 and walked along aisle 13 toward the front of the store while cautiously looking at the floor.
 

 |* She suddenly slipped and fell on a small clear substance about the size of a baseball. Mrs. Gregory fell as the store employees were finishing cleaning up vomit in other areas of the store.
 

 • What the substance was or how long it had been on the floor was unknown. In addition, it is unknown whether the substance was related to the vomit in various locations in the store.
 

 • Approximately 15 minutes elapsed from when the employees became aware of the child vomiting, until Mrs. Gregory fell.
 

 The applicable law is La. R.S. 9:2800.6 entitled “Burden of Proof in Claims Against Merchants.” As amended by 1996 La. Acts, 1st Ex. Session, No. 8, it provides:
 

 A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
 

 B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
 

 (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
 

 (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
 

 (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
 

 C. Definitions:
 

 (1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that
 
 *460
 
 it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is Isshown that the employee knew, or in the exercise of reasonable care should have known, of the condition. (2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
 

 D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.
 

 The trial court relied upon
 
 Williams v. Wal-Mart Stores, Inc.,
 
 29,940 (La.App.2d Cir.10/29/97), 702 So.2d 8, 10-11, which was decided under the 1991 version of the statute in effect at the time of Williams’s fall:
 

 In
 
 Welch v. Winn-Dixie Louisiana, Inc.,
 
 the Louisiana Supreme Court held that a plaintiff seeking recovery under La. R.S. 9:2800.6 had the burden of proving that she slipped and fell due to a condition on the defendant’s premises which presented an unreasonable risk of harm that was reasonably foreseeable, that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence and that the defendant failed to exercise reasonable care.
 
 Welch v. Winn-Dixie Louisiana, Inc.,
 
 94-2331 (La.5/22/95), 655 So.2d 309;
 
 Tanner v. Brookshire Grocery Co.,
 
 29,276 (La.App.2d Cir.4/2/97), 691 So.2d 871. The
 
 Welch
 
 court stated that a lack of reasonable care may be inferred from a merchant’s failure to have in place a uniform, mandatory, non-discretionary clean-up and safety procedure. The court further stated that the length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism in place to discover such a hazard.
 
 Welch, supra.
 

 In the recent case of
 
 White v. Wal-Mart Stores, Inc.,
 
 however, the Louisiana Supreme Court expressly overruled
 
 Welch. White v. Wal-Mart Stores, Inc.,
 
 97-0393 (La.9/9/97), 699 So.2d 1081,
 
 rehearing denied.
 
 In
 
 White,
 
 the court found the
 
 Welch
 
 case improperly shifted the burden to the defendant to prove lack of constructive notice by allowing a plaintiff to carry her burden of proving constructive notice by showing the absence of written inspection procedures, written documentation of inspections and lack of a consistent inspection policy.
 
 White, supra.
 
 Such burden-shifting, the |4court concluded, is contrary to the clear meaning
 
 of
 
 La. R.S. 9:2800.6.
 
 White, supra.
 

 White
 
 states that, in addition to all other elements of the cause of action, a plaintiff seeking recovery under La. R.S. 9:2800.6 must prove each of the enumerated requirements of Section (B) of the statute. Thus, Sections (B)(1), (B)(2) and (B)(3) are all mandatory.
 
 White, supra.
 

 Section (B)(2) of the statute requires that a plaintiff prove that the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence. La. R.S. 9:2800.6;
 
 White, supra.
 
 As defined by Section (C)(1) of the statute, “constructive notice” means that the condition existed for such a period of
 
 *461
 
 time that it would have been discovered if the merchant had exercised reasonable care. La. R.S. 9:2800.6;
 
 White, supra.
 

 As newly pronounced in
 
 White,
 
 to prove constructive notice, a plaintiff must make a positive showing of the existence of the damage-causing condition for some time period prior to the fall.
 
 White, supra.
 

 As stated by the
 
 White
 
 court:
 

 A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.
 
 White, supra.
 

 While a plaintiff must show that the damage-causing condition existed for “some time period” before the fall, no “bright line time period” is required.
 
 White, supra.
 

 The trial court concluded that Mrs. Gregory failed to prove by a preponderance of the evidence that Brookshire “created or had actual or constructive knowledge of the substance that plaintiff slipped on prior thereto.” The statute requires that plaintiff show that the substance had been on the floor for such a period of time that the merchant would have discovered its existence through the exercise of ordinary care. Mrs. Gregory presented no positive evidence that the substance had been on the floor for any period of time prior to her fall. It was unknown what the | .^substance was, whether it was related to the vomit, or how long it had been on the floor. Since a necessary element of plaintiffs’ case was not established, their claim was denied.
 

 DISCUSSION
 

 The Louisiana Legislature has created in La. R.S. 9:2800.6 a heavy burden of proof for plaintiffs who slip and fall in merchants’ premises. Failure by a plaintiff to prove any of the three required elements in La. R.S. 9:2800.6(B) is fatal to the plaintiffs case.
 
 Rowell v. Hollywood Casino Shreveport,
 
 43,306 (La.App.2d Cir.9/24/08), 996 So.2d 476.
 

 The Gregorys complained on appeal that the trial court erred because no testimony established formal safety precautions were routinely taken by the store. Plaintiffs argued that Brookshire failed to exercise reasonable care because there was no written or verbal cleanup policy and there was no testimony about procedures taken that day to check the aisles for substances. In determining reasonable care, the absence of a written or verbal uniform cleanup policy is insufficient alone to prove failure of the exercise of reasonable care. La. R.S. 9:2800.6(B)(3).
 

 Plaintiffs cite
 
 Brown v. Brookshire’s Grocery Co.,
 
 38,216 (La.App.2d Cir.3/12/06), 868 So.2d 297, in which Brookshire’s was found negligent because an employee was aware of the spill and took measures, but the employee guarding the spill did not see or warn a customer who approached, slipped and fell in the spill. That matter is factually distinguishable. Brookshire had actual knowledge of the spill in which Brown fell. The employee was standing by the spill when Brown approached from behind, stepped into the spill and fell. On the other hand, Mrs. Gregory slipped and fell in a spill, the existence of which was unknown to the Brookshire staff and to Mrs. Gregory. Additionally, the small area of clear substance leading to Mrs. Gregory’s fall was some distance down the aisle toward the
 
 *462
 
 rear of the store while the vomitas being guarded by the Brookshire employee was in the large front aisle traversing the front of the store.
 

 The Gregorys complained that Brook-shire was aware of a known danger (vomit in several areas) and took no steps to warn patrons of the hazard. However, Mrs. Gregory testified she saw the large soiled area on the floor and took care to go around that and to walk very carefully thereafter. Mrs. Gregory knew of the problem and made efforts to protect herself.
 

 Brookshire employees testified a small, unaccompanied child entered the store, apparently ill and trying to get to the bathroom at the rear of the store. She threw up in front of aisle 13 and along the aisle between the pharmacy and the back of the store and again down the hall leading to the restrooms. This was observed by several store employees, who immediately began cleaning up the vomit. Some minutes later, Mrs. Gregory fell toward the back of the store on aisle 13 when she stepped into a small area of clear liquid substance. Whether or not the unidentified child had been on aisle 13 where the accident occurred was not established.
 

 The law requires that a plaintiff establish that the substance had been on the floor for a period of time. Both Mrs. Gregory and the longtime |7Brookshire employee, Linda Powell, testified they had no knowledge about how long the clear substance had been on the floor toward the rear of aisle 13. It was unknown what the substance was, whether it was related to the vomit, how it got on the floor, or how long it had been there.
 

 Powell testified she returned from lunch to see vomit on the floor and learned that a child had thrown up. Powell stationed another employee to guard the large area of vomit in front of aisle 13 and immediately called over the loudspeaker for emergency assistance, a bucket and mop along with cleanup help. When she returned to the soiled area and no one had come to clean (undoubtedly because they were already occupied cleaning up vomit near the pharmacy and the hall to the restrooms), Powell went to get paper towels and other cleaning supplies from the office at the rear. When she returned, Mrs. Gregory had fallen toward the rear of aisle 13. As she assisted the plaintiff, Powell noticed a small clear substance on the floor but did not know what it was, how it got there, or how long it had been there. At trial, Powell marked areas of vomit which were away from the area of Mrs. Gregory’s fall. Additionally, her description of the child’s regurgitation was different from clear substance described by Powell at Mrs. Gregory’s accident site.
 

 Kathy Barnes, who worked in the Brookshire Pharmacy area, testified about the areas where the child was ill and the immediate efforts of several employees to clean the multiple areas where the vomit was located. Barnes testified that any employee who sees a problem is charged with the duty to Relean it. Further, the assistant store manager had the overall responsibility to monitor the floor periodically.
 

 As demonstrated by the actions of all the employees in immediately addressing the multiple soiled areas created by the sick child, Brookshire had an effective system for cleaning spills. Lacking a Petri' dish in which to collect a sample for analysis and access to timed video surveillance of the spot on which she fell, the Gregorys testified truthfully (along with the Brook-shire employees) that they did not know what the substance was, how it got there, or how long it had been there. The Greg-orys were unable to establish, even rough
 
 *463
 
 ly, how long the substance had been on the floor. Accordingly, the trial court correctly found that Mrs. Gregory did not meet her burden of proof.
 

 DECREE
 

 For the foregoing reasons, at plaintiffs’ costs, the judgment is AFFIRMED.