PETTIGREW, J.
12PIaintiff, Annette Clark, a store patron who slipped and fell on a dark colored liquid substance, allegedly sustaining injuries, appeals a judgment that granted the motion for summary judgment of defendants, J-H-J, Inc. d/b/a Piggly Wiggly and its insurer Great Midwest Insurance Company (hereinafter “Piggly Wiggly”), and dismissed her suit with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On August 12, 2010, Ms. Clark allegedly slipped on a liquid substance and fell near the check-out counter at the Piggly Wiggly in Baton Rouge, Louisiana, where she regularly shopped for groceries. Ms. Clark, who was alone at the time, had been in the store for approximately fifteen to twenty minutes shopping and then proceeded to check out. Ms. Clark indicated she took about two or three steps away from, the check-out counter, “and [her] right foot went that way and [she] went down on [her] left knee.” Ms. Clark sustained a broken knee cap, which required surgery to repair. On August 1, 2011, Ms. Clark filed suit against Piggly Wiggly[1] for injuries allegedly sustained as a result of her fall.
On June 13, 2012, Piggly Wiggly filed a motion for summary judgment alleging it was entitled to judgment as a matter of law as there was no genuine issue of material fact with respect to liability. Piggly Wiggly argued that Ms. Clark could not establish that it either created the hazardous condition or had actual or constructive notice of any such condition as required by La. R.S. 9:2800.6. Following a hearing on the motion, the trial court agreed and rendered summary judgment in favor of Pig-gly Wiggly on December 20, 2012, dismissing Ms. Clark’s claims, with prejudice. From this judgment, Ms. Clark appeals, contending that the trial court erred in granting summary judgment in favor of Piggly Wiggly as there were genuine issues of material fact that precluded same.
| .¡SUMMARY JUDGMENT
Summary judgment is subject to de novo review on appeal, using the same standards applicable to the trial court’s determination of the issues. Berard v. L-3 Communications Vertex Aerospace, LLC, 2009-1202, p. 5 (La.App. 1 Cir. 2/12/10), 35 So.3d 334, 339-340, unit denied, 2010-0715 (La.6/4/10), 38 So.3d 302. The summary judgment procedure is expressly favored in the law and is designed to secure the just, speedy, and inexpensive determination of non-domestic civil actions. La.Code Civ. P. art. 966(A)(2). Its purpose is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Hines v. Garrett, 2004-0806, p. 7 (La.6/25/04), 876 So.2d 764, 769. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judg *817 ment as a matter of law. La.Code Civ. P. art. 966(B)(2).[2]
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La.Code Civ. P. art. 966(C)(2); Janney v. Pearce, 2009-2103, p. 5 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 288-289, writ denied, 2010-1356 (La.9/24/10), 45 So.3d 1078.
In ruling on a motion for summary judgment, the judge’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to 14determine whether there is a genuine issue of triable fact. Hines, 2004-0806 at 1. 876 So.2d at 765. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Daniels v. USAgencies Cas. Ins. Co., 2011-1357, p. 8 (La.App. 1 Cir. 5/3/12), 92 So.3d 1049, 1055.
DISCUSSION
Louisiana Revised Statutes 9:2800.6 sets forth the burden of proof for a plaintiff in a claim against a merchant for damages due to a fall on the premises. As amended by 1996 La. Acts, No. 8, § 1, which amendments took effect May 1, 1996, subsection (B) requires the plaintiff to prove that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
To prove constructive notice, the plaintiff must show that the substance remained on the floor “for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” La. R.S. 9:2800.6(0(1).
In White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97), 699 So.2d 1081, the Louisiana Supreme Court noted that the temporal element in a slip and fall claim requires a “positive showing” by the plaintiff that the hazardous condition existed for some time prior to the fall.[3] The White court noted as follows:
*818 There is a temporal element included: “such a period of time ...” The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. | ^Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time ...” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
White, 97-0393 at 4-5, 699 So.2d at 1084-1085 (footnote omitted).
In the instant case, Ms. Clark argues that she can satisfy her burden of proving that Piggly Wiggly had constructive notice of the existence of the substance on the floor before her fall simply by the mere presence of cashiers in the area where she fell. She further directs the court’s attention to the accident report, wherein a Piggly Wiggly employee described the condition that caused the accident as “It appears that another customer rolled in a basket with busted cokes dripping and [Ms.] Clark fell in the path of that buggy.” Ms. Clark asserts that if a Piggly Wiggly employee knew the cause of the spill, it should have been cleaned up. In essence, Ms. Clark contends there is a genuine issue as to whether the condition existed for a sufficient length of time before her fall, during which Piggly Wiggly should have discovered the condition.
Although the initial burden of proof was on Piggly Wiggly, it will not bear the burden of proof at trial on the issue of constructive notice. As such, Piggly Wiggly did not need to negate this element of Ms. Clark’s claim. In order to shift the burden to Ms. Clark, Piggly Wiggly only had to point out that there was an absence of factual support for this element. The burden then shifted to Ms. Clark, as the non-moving party, to produce factual support sufficient to establish that she would be able to establish constructive notice at trial. La.Code Civ. P. art. 966(C)(2); Janney, 2009-2103 at 5, 40 So.3d at 288-289.
As in White, plaintiff herein presented no evidence whatsoever to show that the liquid was on the floor for any length of time to establish the temporal element set forth 16⅛ White. Ms. Clark could not establish constructive notice by Piggly Wiggly as she submitted no testimony or evidence establishing the length of time the spill remained on the floor. She testified in her deposition that before she fell, she did not see anything on the floor. Ms. Clark was unable to say what she slipped in — only that she knew she slipped in something. When asked if she had any idea how long that “something” had been on the floor before she fell, she responded “no.” In fact, she candidly admitted that she had no evidence to show how long that *819 “substance” was on the floor before she fell.
Ms. Clark argues in brief that the facts of White are distinguishable from the case at hand. Unlike the plaintiff in White, Ms. Clark points out that the liquid she fell in was brown, not clear.[4] Ms. Clark also notes that when she fell, she was in close proximity to at least two cashiers who had no impediments blocking their view of where she fell. These contentions, however, are not dispositive of the issue of how long the liquid substance had been on the floor. Even assuming arguendo that the substance had dripped from another customer’s basket, no evidence was presented to suggest or show that it was there long enough for Piggly Wiggly to discover the condition through reasonable care. Indeed, as the evidence in the record reveals, store employees performed safety inspections every half hour, including just prior to the time of Ms. Clark’s alleged fall. As indicated in an affidavit given by Brent McGough, the store manager on duty at the time of the incident, Mr. McGough stated that at 8:30 a.m. and 9:00 a.m. on the day of the incident, he did a safety inspection of the area where Ms. Clark fell and did not observe any hazards in the area. The time of the accident was reported to be 9:00 a.m. He further indicated that after Ms. Clark’s fall, he inspected the floor where the incident occurred, and he “ran a paper towel over the area to clean the drops.” He “did not feel that a mop was necessary as the ‘spill’ was very minimal.”
Applying the principles set forth in White, we find that the evidence submitted by Ms. Clark falls far short of the proof required to establish constructive notice. We |7flnd that Ms. Clark failed to satisfy her burden of proving that the liquid had been on the floor for such a period of time that Piggly Wiggly should have discovered its existence. White, 97-0393 at 7, 699 So.2d at 1086.
After careful review, we find no error in the trial court’s conclusion that Piggly Wiggly was entitled to judgment in its favor as a matter of law. The record amply supports the trial court’s conclusion that Ms. Clark failed to prove the temporal element necessary to establish defendant had notice, an essential element of Ms. Clark’s claim under La. R.S. 9:2800.6. Thus, the trial court properly rendered summary judgment herein.
CONCLUSION
For the above and foregoing reasons, we affirm the December 20, 2012 judgment of the trial court granting summary judgment in favor of defendants, J-H-J, Inc. d/b/a Piggly Wiggly and its insurer Great Midwest Insurance Company, and dismissing, with prejudice, Annette Clark’s claims. All costs associated with this appeal are assessed against plaintiff-appellant, Annette Clark.
AFFIRMED.

. Although Bunker Hill Underwriters Agency Inc. was originally named in Ms. Clark’s petition for damages, Great Midwest Insurance Company was identified in Piggly Wiggly’s answer as its insurer.

. The summary judgment in this case was signed on December 20, 2012, Thus, it is governed by the version of Article 966 in effect after its amendment by 2012 La. Acts, No. 257, § 1.

. Although the court in White interpreted the version of La. R.S, 9:2800.6 in effect prior to the 1996 amendments, the requirement in the statute that the plaintiff prove that the condition existed for "such a period of time” was not changed by the 1996 amendments. Thus, the analysis in White regarding the temporal element of La. R.S. 9:2800.6 is equally applicable to the instant case.

. According to Ms. Clark, her daughters, who are the ones who cleaned her pants after the accident, told her the stain on her pants "looked like Coke; it was dark.”