McDonald, j.
12The plaintiff in a slip and' fall suit appeals a summary judgment granted in favor of the operator of the establishment where the accident occurred. For reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On the night of October 1, 2010, D’Andrea Mills and three friends attended a birthday party at The Lyceum Dean Ballroom in Baton Rouge, Louisiana,’ an establishment operated by Cyntreniks Plaza, L.L.C. Although the three women were attending a private party for which a table had been reserved, The Lyceum was also open to general public admission that evening, a cash bar was open for the purchase of alcoholic beverages, and a disc jockey was playing music on a stage near the dance floor. Upon their arrival, Ms. Mills and two of her friends purchased drinks at The Lyceum’s bar. Later on that night, Ms. Mills and her friends, went on the dance floor to dance. Ms. Mills contends that while leaving the dance-floor, she slipped and fell on clear liquid -and broken glass located on the ballroom’s dance floor. After her fall, Ms. Mills and .her friends left The Lyceum without reporting the incident to anyone and drove to a local emergency room to obtain medical treatment for her.- Ms. Mills sustained two broken bones in her left arm from the fall, which required surgery to repair.
Ms.[1] Mills later filed a petition for damages against Cyntreniks. In response, Cyntreniks filed a motion for summary judgment contending that Ms. Mills could not meet her burden óf proof as set forth in the Merchant Liability Statute, LSA-R.S. 9:2800.6(B). After a hearing, the trial court signed a judgment on September 25, 2013, granting summary judgment in Cyn-treniks’ favor, .and dismissing Ms. Mills’ claims with prejudice. From this judgment, Ms. Mills appeals.
DISCUSSION
Summary judgment is subject to de novo review on appeal, using the same standards applicable to the trial court’s deterrhination of the issues. Clark v. J-H-J, Inc., 13-0432 (LaApp. 1 Cir. 11/1/13), 136 So.3d 815, 816, writ denied, 13-2780 (La.2/14/14), 132 So.3d 964. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, together with the affidavits, if any, admitted for purposes of the | amotion for summary judgment, 'show that there is no genuine issue as to material fact, and that the movant is entitled- to judgment as a. matter of law. -'LSA-C.C.P. art. 966(B)(2); Tomaso v. Home Depot, U.S.A., Inc., 14-1467 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, 681. The burden of proof remains’with the movant. LSA-C.C.P. art. 966(C)(2). However, if the movant will not bear, the burden of proof at, trial on the matter that is before the court .on the *82 motion for summary judgment, the mov-ant’s burden on the motion does not require that he negate all essential elements of the adverse party’s claim, action, or defense. -Instead, the movant must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the movant is entitled to summary judgment. See LSA-C.C.P. art. 966(C)(2); Clark, 186 So.3d at 817.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Tomaso, 174 So.3d 679, 681. Linder the Merchant Liability Statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his floors in reasonably safe condition. LSA-R.S. 9:2800.6(A). A “merchant” is defined as one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. LSA-R.S. 9:2800.6(0(2). Thus, as a threshold matter, to prove.its entitlement to summary judgment, Cyntreniks was required to show that there was no disputed factual issue as to its status as a merchant. See LSA-C.C.P. art. 966(C)(1).[1]
The summary judgment evidence included the deposition and affidavit of Mr. Reginald Evans, the Cyntreniks employee who managed The Lyceum; Ms. Mills’ deposition; and the depositions of Ms. Ronquen-cia Ellsworth and Ms. Jessica Randolph, two of the friends with whom Ms. Mills went to The Lyceum. According to Mr. Evans, in 2010, The Lyceum was an “events” venue, where wedding receptions, concerts, private parties, and business meetings |4were held. Additionally, on some evenings, The Lyceum held both private parties, where tables were reserved for such, and was also opened for general public admission, offering a cash bar for the purchase of alcoholic beverages, a dance floor, and music being played by a hired disc jockey. In October 2010, Cyn-treniks had a staff of approximately eight persons, and depending on the event, these employees would bar tend, wait tables, and serve. If more staff was needed for a particular event, such was outsourced. Further, Cyntreniks also hired outside agencies to provide security personnel for events and its nighttime openings. The duties of the security personnel included securing the front door, checking IDs to ensure age limit restrictions were enforced, preventing fights, checking for and picking up foreign objects from the floor, and making sure patrons were safe. Mr. Evans’ characterization of the nature of The Lyceum’s business was corroborated by Ms. Mills, Ms. Ellsworth, and Ms. Randolph. The deposition testimony of each of these women demonstrated that, on the night of Ms. Mills’ fall, they were attending a birthday party at The Lyceum, a table had been reserved for the party, they purchased multiple drinks and danced to music while there, they saw security guards walking around, and members of the general public were also present.
*83 After a de novo review of the above evidence, we conclude that, on the night of Ms. Mills’ fall, The Lyceum was engaged in business comparable to that of a nightclub or cocktail lounge. . Similar to a typical. merchant, such as a store or restaurant, a nightclub is a commercial establishment that invites members of the public into its premises for their mutual advantage or benefit. See Labit v. Palms Casino & Truck Stop, Inc., 11-1552 (La.App. 4 Cir. 5/9/12), 91 So.3d 540, 555, writ denied, 12-1310 (La.9/28/12), 98 So.3d 843. As such, a commercial establishment is required to exercise reasonable care to protect those it anticipates will enter the premises, to keep the premises safe from unreasonable risks’ of harm, and to warn persons of known dangers. See Harrison v. Horseshoe Entertainment, 36,294 (La.App. 2 Cir. 8/14/02), 823 So.2d 1124, 1128. Because the purpose of the Merchant Liability Statute is to define the burden of proof in cases involving a slip and fall.in such commercial establishments, we conclude The Lyceum qualifies as a merchant within the meaning of LSA-R.S. 9:2800.6(0(2). Green v. Orleans Parish School Board 00-0106 (La.App. 4 Cir. 2/7/01), 780 So.2d 1082, 1085 (noting purpose of |sstatute). Accord Balias v. Kenny’s Key West, Inc., 02-684 (La.App. 5 Cir. 12/11/02), 836 So.2d 289, 292 (although the conditions inside a lounge are not similar to those of a typical retailer, the court held that LSA-R.S. 9:2800.6 applied, because under the broad definition of merchant, the defendant lounge sold “goods and food at a fixed place of business”). Also accord Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 88, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544 (in a tort action by a lounge patron who slipped and fell on a substance -while dancing on the lounge’s dance floor, the court analyzed the plaintiffs burden of proof under the provisions of LSA-R.S. 9:2800.6).[2] Also see' cases where a casino, similar to a nightclub, qualified as a “merchant” under the Merchant Liability Statute, De La Rosa v. St. Charles Gaming Company, Inc., 1:04 CV 540 (E.D.Tex.8/9/05), 2005 WL 2284205 *5 n. 9 (unpublished); Thomas v. Caesars Entertainment Operating Company, Inc., 12-1202 (La.App. 4 Cir. 1/23/13), 106 So.3d 1279, 1281-82, writs denied, 13-0462, 13-0546 (La.4/5/13), 110 So.3d 590, 593; Richardson v. Louisiana-1 Gaming, 10-262 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895; Rowell v. Hollywood Casino Shreveport, 43,306 (La.App..2 Cir. 9/24/08), 996 So.2d 476, 478; Neal v. Players Lake Charles, LLC, 01-0244 (La.App. 3. Cir. 6/6/01), 787 So.2d 1213, 1215, writ denied 01-1983 (La.10/26/01), 799 So.2d 1147. Also see 27A Am.Jur.2d Entertainment and Sports Law § 84.
Having determined ■ that Cyntreniks proved its status as a merchant, we now address whether Cyntreniks has pointed out the absence of factual support for one or more elements essential to Ms. Mills’ claim. See LSA-C.C.P. art. 966(C)(2). In a negligence claim against a merchant for damages because of a fall due to a condition existing in or on a merchant’s premises, a claimant shall have the burden of proving, in addition to all other elements of *84 her cause of action, that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition that caused the damage, prior to the | ^occurrence; and (3) the merchant failed to exercise reasonable care. LSA-R.S. 9:2800.6(B); Tomaso, 174 So.3d at 681.[3] Under this heavy burden of proof, if any one of these elements cannot .be established, the claimant’s entire action will fail. Gregory v. Brookshire Grocery Company, 45,070 (La.App. 2 Cir. 4/21/10), 35 So.3d 458, 461; Dickerson v. Winn-Dixie, Inc., 01-0807 (La.App. 1 Cir. 2/27/02), 816 So.2d 315, 318, writ denied, 02-0951 (La.5/31/02), 817 So.2d 99.
Cyntreniks argues that Ms. Mills cannot prove that it either created or had actuál or constructive notice of the condition causing her damagé. Constructive notice' means the' claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. LSA-R.S. 9:2800.6(0(1). Though there is no bright line time period, a claimant must make a positive showing that the hazardous condition existed for some period of time before the fall. Clark, 136 So.3d at 817-18; see Carter v. Hi Nabor Super Market, LLC, 13-0529 (La.App. 1 Cir. 12/30/14), 168 So.3d 698, 714, review denied, 15-0190 (La.4/17/15), 168 So.3d 399; also see 1 La. Prac. Pers. Inj. § 4:176, Merchants — -Constructive Notice, and cases cited therein,
First, Ms. Mills presented no evidence that Cyntreniks had actual knowledge of the liquid and broken glass on the floor. Mr. Evans testified that he and security guards were the Cyntreniks personnel responsible for inspecting and maintaining The Lyceum floors - during its nighttime openings. In his affidavit, Mr. Evans stated that, on October 1, 2010, he" was not aware of the presence of the liquid and/or glass in which Ms. Mills contended she fell. Further, although Ms. Mills and two' of her friends saw security personnel walking through The Lyceum, including near the area where Ms. Mills fell, their testimony does not show that any security guard was aware of the spill.
Next, Ms. Mills presented no evidence to show that the liquid and broken glass were on the dance floor for ány length of time to establish the required' temporal element for ^constructive notice. Neither she, Ms. Ellsworth, nor Ms. Randolph knew how the glass and liquid came to be on the floor, what the liquid was, or how long the liquid and glass were present on the floor, before Ms. Mills fell. Ms. Mill's did not see what she fell in before she fell, nor did she know the size of the spill. Ms. Ells-worth acknowledged in her deposition that the liquid was not present on the dance floor when the women walked onto the dance floor, past the location where Ms. Mills ultimately fell. Ms. Randolph acknowledged in her deposition that she did not see anyone in the area where Ms. Mills fell nor did she see anyone drop anything; she only saw the liquid and small pieces of glass after they helped Ms. Mills from the floor. Accord Clark, 136 So.3d at 819 (summary judgment affirmed as plaintiff *85 failed be prove temporal element necessary to establish merchant had constructive notice) and Gregory, 35 So.3d at 462-63 (judgment affirmed in favor of merchant when plaintiffs were unable to establish, even roughly, how long vomit had been on the floor). Also accord Rhea v. Winn Dixie Market Place Store, 02-2181 (La.App. 4 Cir. 6/4/03), 849 So.2d 759, 761-62 and Kimble v. Winn-Dixie Louisiana, Inc., 01-514 (La.App. 5 Cir. 10/17/01), 800 So.2d 987, 992 (summary judgment affirmed when plaintiff did not produce evidence to show that she would be able to meet her burden of proof that the merchant had actual or constructive notice of a broken jar of baby food and raw egg, respectively).[4]
We conclude that Cyntreniks has pointed out the absence of factual support for one or more of the elements essential to Ms. Mills’ claim. See LSA-C.C.P. -art. 966(C)(2). That is, Ms. Mills has not made a positive showing that'Cyntreniks created or had actual knowledge of the hazardous condition caused by the liquid and glass; nor that the hazardous condition existed for “such a period of time” that it would have been discovered had Cyntreniks exercised reasonable care, i.e., that Cyntreniks had constructive notice of the condition. See LSA-R.S. 9:2800.6(0(1); Moore v. Brookshire Grocery Company, Inc., 02-0525 (La.6/21/02), 824 So.2d 345. Because Ms. Mills has failed to meet this burden, there is no genuine issue of material fact, and Cyntreniks is entitled to summary judgment. See LSA-RC.C.P. art. 966(C)(2); Coleman v. Wal-Mart Stores, Inc., 98-0124 (La.App. 1 Cir. 11/6/98), 721 So.2d 1068, 1075. We need, not address any. other .elements of Ms. Mills’ claim. See White v. WalMart Stores, Inc., 97-0393, (La.9/9/97), 699 So.2d 1081, 1086.
CONCLUSION
The "September 25, 2013 judgment, granting summary judgment in favor of Cyntreniks Plaza, L.L.C., and dismissing D’Andrea Mills’ claims with prejudice, is affirmed. Costs of this appeal’ are assessed to D’Andrea Mills.
AFFIRMED.

. In Ms. Mills' opposition to Cyntreniks’ motion for summary judgment filed in the trial court, she contested the applicability of the Merchant Liabilify Statute. The trial court’s September 25, 2013 judgment indicates the court indeed applied the Merchant Liability Statute in granting summaiy judgment in Cyntreniks’ favor. Notably, Ms. Mills did not assign this as error on appeal.

. Although the evidence in the Nuccio case demonstrated that food and drinks were present in the defendant lounge, we conclude that The Lyceum’s sale of alcoholic beverages, regardless of the presence of food, qualifies as the sale of "goods” or "foods” within the definition of "merchant” in LSA-R.S. 9:2800.6(C)(2). See Moore v. Pelican Gaming, Inc., 99-2619 (E.D.La.2001), 2001 WL 1104674 *2 (the single fact that Lucky Jacks Casiho included a video poker area where beer , was sold, regardless of food, rendered it to be a “merchant”, under the Merchant Liability Statute, expressly rejecting the slip and ■ fall plaintiff’s argument that the statute did not apply). • ■ , >

. The current version of the Merchant Liability Statute reflects an evolution in the law governing slip - and fall cases in Louisiana, resulting in an unquestionably pro-defendant statute. We note, however, that,-long before the enactment and multiple amendments to the statute, a cocktail lounge patron claiming injuries from a fall on liquid on the lounge’s floor had the burden of proving either actual or constructive knowledge of the unsafe condition to constitute actionable negligence by the lounge. See Benton v. Connecticut Fire Insurance Company, 145 So.2d 89, 91 (La.App. 4 Cir.1962), and cases cited therein.

. In her brief, Ms. Mills argues that she was served two drinks in plastic cups, that Mr. Evans testified The Lyceum only used plastic after all its glassware was used, and that such means that The Lyceum had not served drinks in glass cups for at least' an hour before her fall. According to Ms. Mills, this shows that the spilled broken drink that caused her to fall had been served over an hour before she fell, and such creates a disputed factual issue as to Cyntreniks' constructive notice. Our review of Mr. Evans’ testimony, and other. summary judgment evidence, shows Ms. Mills’ argument is without merit. See Punt v. Saul Rubinstein Trust, 259 A.D.2d 518,. 686 N.Y.S.2d 111 (N.Y.A.D. 2 Dept. 1999).