HOLDRIDGE, J.,
Dissenting.
hit is well-settled that “[ajppellate review of the..granting of a motion for summary judgment is de novo, using the identical criteria that govern the trial court’s consideration of whether summary judgment is appropriate.” Smitko v. Gulf S. Shrimp, Inc., 2011-2566. (La.7/2/12), 94 So.3d 750, 755. See also, C & C Energy, L.L.C. v. Cody Inv., L.L.C., 2009-2160 (La.7/6/10), 41 So.3d 1134; Peironnet v. Matador Res. Co., 2012-2292 (La.6/28/13), 144 So.3d 791, 814. When- considering a mdtion for summary judgment* the trial court must determine if the motion complies with the legal requirements of La. C.C.P. art. 966 and whether the rñovant’s memorandum complies- with the legal requirements of District Court Rule 9.10.[1] *86 The requirements of District Court Rulé 9.10 are mandatory for the trial court to consider and the mover to follow.
Therefore, the “identical criteria” for the appellate court to follow when reviewing the granting of a motion for summary judgment by the trial court are:
(>(1) Has the mover provided the required list of essential legal elements and material facts that are not genuinely disputed in its memorandum to be entitled to judgment •in accordance with District Court Rule 9.10.
(2)Do the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the movant is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B)(2).
The burden of proof is on the' mover to show both that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966(C)(2); Janney v. Pearce, 2009-2103 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 288-289, writ denied, 2010-1356 (La.9/24/10), 45 So.3d 1078. The burden of proof in this case does not shift to the plaintiff until the mover has met its burden of proving that there is no genuine issue of material fact as to the issue of whether Cyntreniks was a merchant in accordance with La. R.S. 9:2800.6.
In support of its motion for summary judgment, Cyntreniks alleged the following undisputed facts:
(1)- The litigation arises out of an alleged slip and fall accident that occurred on October 1, 2010 at The Lyceum in Baton Rouge, Louisiana.
(2) Plaintiff contends that she slipped on liquid or glass located on the ballroom’s dance floor.
(3) Plaintiff does not know what the’ liquid was that she slipped on.
(4) Pláiritiff does not know how long the liquid or glass was on the floor before she fell.
(5) Plaintiff does not know how the liquid or glass came to be on the floor.
(6) At the, time of plaintiffs injury, the , manager of. The Lyceum and the security workers continuously inspected the ballroom’s floor to keep it clear of foreign objects.
(7) And no one affiliated with The Lyceum .knew of the glass or liquid on the floor in of which plaintiff complains.
In accordance with District Court Rule 9.10, Cyntreniks failed to file a memorandum which contained “(1) [a] list of the essential legal elements. necessary for the mover to be entitled to judgment; and (2) [a] list of the material facts that the mover contends are not genuinely disputed[.j” Cyntreniks failed to | ¡¡allege or establish any essential legal element necessary to prove that Cyntreniks was a merchant under the Merchant Liability Statute and further failed to list any material fact that was not genuinely disputed as to the issue of whether it was a merchant. In conducting a de novo review, this court must apply the identical criteria of the trial court, *87 which includes requiring the mover to comply with District Court Rule 9.10. This court should not make the same error as the trial court and fail to require Cyn-treniks to follow the mandatory provisions of District Court Rule 9.10.
In addition, I believe the mover failed in its burden of proving that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. 966(B)(2). Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Tomaso v. Home Depot. U.S.A., Inc., 2014-1467 (La.App. 1 Cir. 6/5/15) 174 So.3d 679, 681; Walker v. Phi Beta Sigma Fraternity (Rho Chapter), 96-2345 (La.App. 1 Cir. 12/29/97); 706 So.2d 525, 528. Under the Merchant Liability Statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his floors in reasonably safe condition. La. R.S. 9:2800.6(A). A “merchant” is defined as one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. La. . R.S. 9:2800.6(0(2). Thus, as & threshold matter, Cyntreniks was required to prove that there was no genuine issue of material fact as to whether it was a merchant within the meaning of La. R.S. 9:2800.6(C)(2). There is no Louisiana case or federal case which holds that a bar or lounge which only sells alcohol on one night is a merchant. See Ballas v. Kenny’s Key West, Inc., 2002-684 (La.App. 5 Cir. 12/11/02), 836 So.2d 289, 292; Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84 writ denied, 766 So.2d 544 (La.2000); also see cases dealing with casinos (De La Rosa v. St. Charles Gaming Co., Inc., 1:04 CV 540 (E.D.Tex.8/9/05), 2005 WL 2284205 *5 n. 9) (unpublished); Thomas v. Caesars Entm’t Operating Co., Inc., 2012-1202 (La.App. 4 Cir. 1/23/13), 106 So.3d 1279, 1281-82, writs denied, 2013-0462, 2013-0546 (La.4/5/13), 110 So.3d: 590, 593; Richardson v. La.-1 Gaming, 2010-262 (La.App. 5 Cir. 12/14/10), 55 So.3d 893, 895; Rowell v. Hollywood Casino Shreveport, 43,306 (La.App. 2 Cir. 9/24/08), 996 So.2d 476, 478; Neal v. Players Lake Charles, L.L.C., 2001-0244, (La.App. 3 Cir, 6/6/01), 787 So.2d 1213, 1215, writ denied, 2001-1983 (La.10/26/01), 799 So.2d 1147. “Pood” is defined as . “a nutriment in solid form” or “more or less solid nourishment as opposed to drink.”, Merriam-Webster Onr line Dictionary. 2015. http://www. merriam-webster.com (6 Aug. 2015); The American College Dictionary, (1966). While an establishment that sells food and drink would be' a merchant' under the clear language of La.'R.S. 9:2800,6(C)(2), it is in dispute if an- establishment that only sells drinks would be considered' a merchant. The mover has failed- to cite one case which holds that an establishment that sells alcohol for only one night becomes a merchant under the Merchant Liability Statute. The' -mover has also failed to prove it was an establishment that sold “goods, foods, wares, or merchandise”.as merchant at a fixed place of business. La. R.S. 9:2800.6(0(2). . In determining whether Cyntreniks is a merchant at a fixed place of business the following genuine issues of material fact are unanswered and in dispute:
(1) At what times and days did The Lyceum operate as a bar open to the public.
(2) At what times .and days did The Lyceum sell only beverages as opposed to food and beverages.
(3) At what times and days did other outside sources, and not The Lyceum, provide food and beverages at the ballroom.
(4) At what times and days were only private functions held.
(5) At what times and days did private functions and public admissions occur on the same night. ’
*88 (6) And at what times and days, ,and to what extent, .if ever, was The Lyceum operated on a regular basis as a fixed place of business.
| ¡;For summary judgment -to be proper under La. C.C.P. art. 966, the mover must show both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. The mover, Cyntreniks, in this case failed to meet its burden. There' remain many unanswered questions of fact and law concerning the applicability of La. R.S. 9:2800,6 to Cyntre-niks. In fact, the.defendant has not come forth with any undisputed material facts to show that it is entitled to be considered a merchant as a matter of law. The unresolved questions of fact and law are.sufficient to defeat Cyntreniks’ motion for summary judgment. Accordingly, I find the trial court’s granting of summary judgment was improper both because the mover failed to comply with the requirements of District Court Rule 9.10 and because there are genuine issues of material fact and law that are in dispute. I would reverse the trial court’s granting of summiary judgment and remand this matter for further proceedings.

. Rule 9.10. Motions for Summary Judgment (a) Rules 9.8 and 9.9 apply to motions for summary judgment.
(b) -A memorandum in ¡ support of a motion for summary judgment shall contain: *86 (1) A list of the essential legal elements necessary for the mover to be entitled to judgment;
(2) A list of the material facts that the mover contends are not genuinely disputed; and
(3) A reference to the document proving each such fact, with the pertinent part containing proof of the fact designated. (c) A memorandum in opposition to a motion for summary judgment shall contain;
(1) A list of the material facts that the opponent contends are genuinely disputed; and
(2) A reference to the document proving that each such fact is genuinely disputed, with the pertinent part designated.