McClendon, J.
|aThe plaintiffs appeal the grant of summary judgment that dismissed their suit for damages after a fall in the defendant’s home improvement store. For the reasons that follow, we affirm.
*317 FACTS AND PROCEDURAL HISTORY
On May 10, 2013, Kimberly Bice was in the Home Depot store in Zachary, Louisiana, to purchase a stove. As she entered the appliance department, she parked her shopping cart near a bollard, a post approximately three feet high.[1] Ms. Bice then left her cart to select a stove. After making her selection, Ms. Bice returned to her cart. Unable to move the cart in a forward direction, she walked backwards with the cart and fell over the bollard.
On April 24, 2014, Ms. Bice and her husband, Steve Bice, filed a Petition for Damages against the defendant, Home Depot U.S.A., Inc,, asserting the negligence of Home Depot in the placement of the bollard.[2] Home Depot filed an answer denying liability for the injuries alleged and subsequently filed a motion for summary judgment seeking dismissal of the Bices’ claims. Following a hearing on the motion, the trial court granted the motion and rendered summary judgment dismissing Home Depot from the matter with prejudice. The trial court signed its judgment on December 7, 2015. Thereafter, the trial court denied the Bices’ motion for new trial, and they filed a suspensive appeal, assigning as error the grant of summary judgment.
DISCUSSION
Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show there is no genuine issue as to material fact and that the movant is entitled to judgment as a matter of law. LSA-C.C.P. art. 966B(2)[3]; Tomaso v. Home Depot, U.SA., Inc., 14-1467 (La.App. 1 Cir. 6/5/15), 174 So.3d 679, 681. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. LSA-C.C.P. art. 966A(2). The purpose of the procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. Hines v. Garrett, 04-0806 (La. 6/25/04), 876 So.2d 764, 769 (per curiam).
The mover bears the burden of proving that he is entitled to summary judgment. LSA-C.C.P. art. 966C(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to summary judgment. Id.; Janney v. Pearce, 09-2103 (La.App. 1 Cir. 5/7/10), 40 So.3d 285, 289, writ denied, 10-1356 (La. 9/24/10), 45 So.3d 1078.
*318 In ruling on a motion for summary-judgment, the trial court’s role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Hines, 876 So.2d at 765. In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60. Because the applicable substantive law determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Clark v. J-H-J Inc., 13-0432 (La.App. 1 Cir. 11/1/13), 136 So.3d 815, 817, writ denied, 13-2780 (La. 2/14/14), 132 So.3d 964.
| ¿The general rule is that the owner or custodian of property has a duty to keep the property in a reasonably safe condition. The owner or custodian must discover any unreasonably dangerous condition on the premises and either correct the condition or warn potential victims of its existence. Henry v. NOHSC Houma No. 1, L.L.C., 11-0738 (La.App. 1 Cir. 6/28/12), 97 So.3d 470, 473, writ denied, 12-1761 (La. 11/2/12), 99 So.3d 677. This duty is the same under theories of negligence or strict liability. Under either theory, the plaintiff has the burden of proving that: (1) the property that caused the damage was in the “custody” of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) defendant had actual or constructive knowledge of the risk. Henry, 97 So.3d at 473-74; see also LSA-C.C. arts. 2315, 2317, and 2317.1.
With regard to the burden of proof in claims against merchants, LSA-R.S. 9:2800.6 provides, in pertinent part:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
Failure to prove any one of the foregoing requirements is fatal to a plaintiffs case. See Moore v. Murphy Oil USA, Inc., 15-0096 (La.App. 1 Cir. 12/23/15), 186 So.3d 135, 145, writ denied, 16-00444 (La. 5/20/16), 191 So.3d 1066.
| /While the general rule is that the owner or custodian of property has a duty to keep the property in a reasonably safe condition, an owner or custodian generally has no duty to protect against an *319 open and obvious hazard. Pryor v. Iberia Parish School Bd., 10-1683 (La. 3/16/11), 60 So.3d 594, 596. If the facts of a particular case show that the complained-of condition should be obvious to all, the condition may not be unreasonably dangerous, and the defendant may owe no duty to the plaintiff. Id.
In determining whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair. In determining whether a condition is unreasonably dangerous, courts have adopted a risk-utility balancing test. This test encompasses four factors: (1) the utility of the thing; (2) the likelihood and magnitude of harm, which includes the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs’ activities in terms of its social utility, or whether it is dangerous by nature. Pryor, 60 So.3d at 596-97; Gustofson v. Priority Elec., Inc., 13-1096 (La.App. 1 Cir. 2/18/14), 2014 WL 647704, p. 3 (unpublished).
In this matter, the Bices assert that Home Depot created an unreasonable risk of harm by placing the bollard groin high, painted in a black color that blended into the appliances around it, and having advertisements to draw patrons’ attention upward. They deny that the condition was open and obvious and maintain that whether the bollard created an unreasonable risk of harm is a question of material fact inappropriate for summary judgment. The Bices further contend that Home Depot failed to present any evidence as to whether the bollard created an unreasonably dangerous condition. They aver that Home Depot failed to meet its burden of proof of showing a lack of evidentiary support for the Bices’ claims. Therefore, they contend, the burden never shifted to them to present evidence demonstrating that material factual issues remained, and Home Depot was not entitled to summary judgment.
To the contrary, Home Depot asserts that it supported its motion for summary judgment by introducing excerpts of Ms. Bice’s deposition testimony, which included a photograph of the bollard over which Ms. Bice fell, the Bices’ responses to Home | fiDepot’s interrogatories and requests for production of documents, and Home Depot’s answers to interrogatories by the Bices. Home Depot further states that the Bices, while opposing the motion for summary judgment, offered no evidence in support thereof other than filing a memorandum. Home Depot also argues that it was not until after the close of discovery and three months before trial that it filed its motion for summary judgment. It contends that it pointed out the absence of factual support for the essential element of an unreasonably dangerous condition and that if the bollard presented a risk of harm, it was open and obvious. Home Depot also asserts that it pointed out that the Bices failed to present any evidence that it possessed constructive notice that the post presented a potential risk of harm.
The trial court agreed with Home Depot finding that the Bices failed to present evidence to meet their burden of proof under LSA-R.S. 9:2800.6. Specifically, the trial court determined that the Bices failed to show that Home Depot had actual or constructive notice of the alleged defect, that the condition presented an unreasonable risk of harm, or that Home Depot failed to exercise reasonable care.
In determining whether the bollard presented an unreasonable risk of harm and whether Home Depot breached any duty to the Bices, we now consider the risk-utility balancing test. As to the first factor, *320 the bollards serve the purpose of prevent ing damage to the Home Depot appliances from the shopping carts. The Bices offered no evidence to dispute the utility of the bollards. However, the utility of the bollards must be weighed against the likelihood and magnitude of harm, including the obviousness and apparentness of the condition. Home Depot contends that the bollards were conspicuous and clearly visible, and, in support, offered into evidence a copy of a photograph, taken on behalf of the Bices shortly after the fall, of two bollards in the Home Depot store, including the one over which Ms. Bice fell. The bollard was in a well-lit area that was easily observable and obvious to all customers. Although the Bices argue that the black color of the bollards blended in with the appliances making them not adequately visible, no testimony or other evidence indicated that the color was insufficient to alert customers of their existence, and the photograph introduced by Home Depot showed otherwise. Additionally, Ms. Bice was aware of the presence of 17the bollards before her fall. She stated that she parked her shopping cart in the center of the appliance department because there was no room to move around with it. Further, Home Depot presented evidence that it had no knowledge of any incidents of trips or falls in this area of the store within five years of this incident. The Bices failed to offer any evidence to show the likelihood or magnitude of harm. As to the cost of preventing the harm, the Bices also failed to present any evidence regarding this factor, but arguably the cost of repainting the bollards a brighter color would have been minimal. Lastly, Home Depot pointed out Ms. Bice’s deposition testimony, wherein she admitted backing up with her cart before falling over the bollard. Ms. Bice’s actions in walking backwards without confirming a clear pathway were dangerous in nature.
Upon our careful de novo review, and after considering the risk-utility factors, we find that the trial court correctly granted summary judgment. We first find that Home Depot, as the moving party, met its initial burden of pointing out that there was an absence of factual support for one or more elements essential to the Bices’ claim: that the bollard presented an unreasonable risk of harm that was reasonably foreseeable to Home Depot. Pointing out this lack of support for an essential element of their claim, the burden then shifted to the Bices, as the nonmoving party, to produce factual support sufficient to establish that they would be able to satisfy their evidentiary burden of proof at trial. See LSA-C.C.P. art. 966C; Clark, 136 So.3d at 818. The Bices failed to demonstrate that they would be able to meet their burden of proof at trial to show that the bollard presented an unreasonable risk of harm or that Home Depot otherwise breached a duty to them. The evidence presented by Home Depot indicated that Ms. Bice would not have fallen but for her own inattentiveness and that the bollard was open and obvious to all.[4] In the absence of evidence showing that there were genuine issues of material fact remaining, summary judgment was appropriate.[5]
^CONCLUSION
For the above stated reasons, we affirm the December 7, 2015 judgment of the trial *321 court, granting Home Depot U.S.A., Inc.’s motion for summary judgment and dismissing the claims of Kimberly Bice and Steve Bice. All costs of this appeal are assessed to the Bices.
AFFIRMED.
Guidry, J. concurs.

. A bollard is used to limit traffic in certain areas. In this case, the bollards were used to keep shopping carts from hitting the appliances.

. An unnamed insurance company, XYZ Insurance Company, was also made a defendant.

. The summary judgment law was recently amended by 2015 La. Acts, No. 422, but the provisions of Act 422 do "not apply to any motion for summary judgment pending adjudication or appeal on [January 1, 2016].’’

. Contrast Abolofia v. Board of Supervisors of Louisiana State University and Agr. and Mechanical College, 14-0593 (La.App. 1 Cir. 1/27/15), 2015 WL 782831 (unpublished), which we find to be distinguishable on its facts.

. Because we find that the Bices failed to present evidence to establish that the bollard presented an unreasonable risk of harm, we need not address the other requirements of LSA-R.S, 9:2800.6. See Moore, 186 So.3d at 145.